IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LUCRETIA VELVET HENRY, | ) | Civil No. 20-00070 LEK-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | REQUEST FOR APPOINTMENT OF |
| vs. | ) | COUNSEL UNDER THE CIVIL |
| | ) | RIGHTS ACT OF 1964 |
| ROBERT L. WILKIE, Secretary of | ) | |
| Veterans Affairs (Government | ) | |
| Agency), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S REQUEST FOR
APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964

On February 11, 2020, Plaintiff Lucretia Velvet Henry ("Plaintiff") filed a Complaint for Employment Discrimination. ECF No. 1. On February 24, 2020, Plaintiff filed a Request for Appointment of Counsel Under the Civil Rights Act of 1964 ("Motion"). ECF No. 6. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, applicable law, and record in this case, the Court hereby DENIES Plaintiff's Motion for the reasons set forth below.

DISCUSSION

There is no constitutional right to the appointment of counsel in employment discrimination cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Cohn v. Smith*, Case No. 18-cv-00487-DKW-KJM, 2019 WL 97018, at *3 (D. Haw. Jan. 3, 2019). The Civil Rights Act of 1964 provides for appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

In considering Plaintiff's Motion, this Court considers the following factors: (1) Plaintiff's financial resources; (2) Plaintiff's efforts to secure counsel; and (3) whether Plaintiff's claims have merit. *Bradshaw*, 661 F.2d at 1318 (citations omitted). Regarding Plaintiff's financial resources, the Motion indicates that Plaintiff's total monthly income is $7,000 and her monthly expenses are $4,455. Based on this information, the Court is not persuaded that Plaintiff's financial resources warrant appointment of counsel at this time.

Even if Plaintiff demonstrated an inability to pay for counsel, Plaintiff fails to meet the second prong of the *Bradshaw* test for appointment of counsel. The Court recognizes that Plaintiff contacted eleven attorneys or law firms, which included three out-of-state attorneys, to get legal representation with respect to her discrimination claims. Given, the number of attorneys proficient in employment

discrimination claims, however, and given the existence of contingent fee arrangements, the Court encourages Plaintiff to continue to look for counsel. Although Plaintiff is not required to "exhaust the legal directory," Plaintiff must make reasonably diligent efforts to obtain counsel before seeking help from this court. *Id.* at 1319.

The Court denies Plaintiff's request for appointment of counsel at this time without examining whether Plaintiff's asserted claims have merit.

## CONCLUSION

Based upon the foregoing, the Court DENIES Plaintiff's Request for Appointment of Counsel Under the Civil Rights Act of 1964 (ECF No. 6).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 26, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

*Henry v. Wilkie*, Civil No. 20-00070 LEK-KJM; Order Denying Plaintiff's Request for Appointment of Counsel Under the Civil Rights Act of 1964