UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LUCRETIA VELVET HENRY,<br><br>                Plaintiff,<br><br>   vs.<br><br>ROBERT L. WILKIE, SECRETARY OF<br>VETERANS AFFAIRS (GOVERNMENT<br>AGENCY);<br><br>          Defendant. | CIV. NO. 20-00070 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL,
OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

On September 1, 2020, Defendant Robert L. Wilkie,

Secretary of Veterans Affairs ("Defendant"), filed his Motion

for Partial Dismissal, or in the Alternative, for Partial

Summary Judgment ("Motion"). [Dkt. no. 24.] Pro se Plaintiff

Lucretia Velvet Henry ("Plaintiff") filed her memorandum in

opposition on October 1, 2020, and Defendant filed his reply on

October 9, 2020. [Dkt. nos. 30, 41.] The Court finds this

matter suitable for disposition without a hearing pursuant to

Rule LR7.1(c) of the Local Rules of Practice for the United

States District Court for the District of Hawaii ("Local

Rules"). For the reasons set forth below, Defendant's Motion is

hereby granted in part and denied in part. Defendant is

entitled to summary judgment as to Plaintiff's age

discrimination claim arising from the events at issue in her
second administrative complaint, but Defendant's Motion is
denied in all other respects.

**BACKGROUND**

I.  **Plaintiff's Allegations**

Plaintiff filed her Complaint for Employment
Discrimination ("Complaint") on February 11, 2020.  [Dkt.
no. 1.]  On May 27, 2020, Plaintiff submitted a letter
requesting leave to amend her Complaint, and the magistrate
judge granted the request in a June 5, 2020 entering order.
[Dkt. nos. 11, 13.]

Plaintiff filed her "Amendment Complaint for
Employment Discrimination" ("Amended Complaint") on June 19,
2020.  [Dkt. no. 14.]  According to the Amended Complaint,
Plaintiff began working for the Department of Veterans Affairs
("VA") Pacific Island Health Care System ("PIHCS") in Honolulu,
Hawai`i, in May 2004.  [Id. at PageID #: 227, 230.]  She asserts
she was subjected to

> discrimination of age, race, color, gender,
> disability, reprisal, tampering with my POV, and
> being left in a hostile work environment for over
> 2 years as a reprisal because [she is] an African
> American female veteran over 40 years old with
> adjustment disorder and anxiety disorder due to
> the emotional stress of th[e] discrimination
> [alleged in this case] . . . .

[Id. at PageID #: 227.]  Plaintiff states she was diagnosed in March 2017 as having an anxiety disorder, and she was diagnosed by another mental health professional in April 2017 as having both an anxiety disorder and an adjustment disorder because of the discrimination she was experiencing at her workplace.  [Id. at PageID #: 231.]

Plaintiff brings this action pursuant to: Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq.; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, et seq. [Amended Complaint at PageID #: 226.]  She states this case follows after two cases before the United States Equal Employment Opportunities Commission ("EEOC"): EEOC No. 480-2019-00262X ("First EEOC Action"); and EEOC No. 480-2017-00631X ("Second EEOC Action").  According to Plaintiff, she received a right-to-sue letter in each case.  [Amended Complaint at PageID #: 227.]

Plaintiff alleges she not selected for a Program Specialist position with the PIHCS in 2016.[1]  [Id. at PageID

---

[1] Plaintiff describes multiple instances where she was not selected for positions within the VA, and she alleges her non-selections were for discriminatory reasons.  See Amended Complaint at PageID #: 230, 232, 234-35.  However, only Plaintiff's non-selection for the 2016 Program Specialist

(. . . continued)

3

#: 227, 230.] According to Plaintiff, at that time, "[t]here may have been 1 if any African American (dark skinned) females over 40 years old working as [a] Program Specialist." [Id. at PageID #: 230.] As to Plaintiff's hostile work environment claim, she alleges she was harassed because of her race, gender, and age, and the harassment included:

-"unwelcomed physical and verbal conduct," such as "isolation (on and off emails sent by [Plaintiff's] coworkers)," "continual yelling from one of [Plaintiff's] co-workers (even in her emails)," "bump[ing Plaintiff's] chair," "suggest[ing] having catfights," and "unwelcomed racial conversations" and comments about African Americans and people with dark skin"; [id. at PageID #: 227-28;]

-"coworkers hiding [Plaintiff's] files sabotaging [her] work so that [she] could not complete [her] tasks timely"; [id.(internal citations omitted);]

-"coworkers talk[ing] about tampering with [Plaintiff's] car"; [id. at PageID #: 228;]

-a coworker warning Plaintiff to "be watchful as [the coworker's] husband thought [Plaintiff] was introducing her to black men"; [id.;] and

-"someone put[ting] white paint or white out on the side of [Plaintiff's] car in 2017, [with] more tampering [in] January 2019" [id. (citation omitted)].

Plaintiff also alleges: she was given additional work, but she was not given additional time to complete the work; her delegation of tasks to her subordinates was disregarded; her

_____

position was at issue in the First EEOC Action, and non-selection was not one of the events addressed in the Second EEOC Action. See infra Background Sections II.A and B.

subordinates would not consult her when she was the acting lead employee during the lead employee's absence.  [Id.]

According to Plaintiff, the Second EEOC Action addressed daily harassment from August 2016 to February 2018. She alleges she made several transfer requests, but the VA leadership denied her requests because of her race, color, gender, and age, and because she contested the VA's unfair hiring practices.  Plaintiff states she knows of non-African American employees whose requests for reassignment were granted. [Id. at PageID #: 232.]  At some point, Plaintiff was transferred out of the office where she alleges her co-workers caused her emotional distress, anguish, and vertigo that was triggered by her emotional distress.  [Id. at PageID #: 235.]

## II.  **Defendant' Motion**

In the instant Motion, Defendant seeks the dismissal of some of Plaintiff's claims because she failed to exhaust her administrative remedies as to those claims.  Specifically, Defendant argues Plaintiff failed to exhaust her administrative remedies as to: her Title VII gender discrimination claim and retaliation claim that arise from the events at issue in the First EEOC Action; and her ADEA claim that arises from the events at issue in the Second EEOC Action.

## A.    **First EEOC Action**

The internal complaint which led to the First EEOC Action was based on Plaintiff's race and color.  [Def.'s concise statement of facts in supp. of Motion, filed 9/1/20 (dkt. no. 25), Decl. of Miles T. Miyamoto ("Miyamoto Decl."), Exh. A (VA Complaint of Employment Discrimination form, dated 7/7/16, with attachments (collectively, "7/7/16 VA Complaint")) at 003.] The VA Office of Resolution Management ("the ORM") construed the 7/7/16 VA Complaint, as clarified and amended by Plaintiff's September and October 2016 email submissions,[2] as raising the following issues:

> Whether complainant was subjected to a hostile work environment based on Race (Black) and color (Black) as evidenced by the following events:
>
> 1)    On August 24, 2015, Asomuamua Amina (AA), Medical Staff Coordinator, accused the complainant of un-submitting a provider's file.
>
> 2)    On August 4, 2016, AA overwhelmed the complainant with other people's workload and AA was also treating the complainant differently from her coworkers.
>
> 3)    On August 17, 2016, AA overwhelmed the complainant's workload.
>
> 4)    On August 24, 2016, while AA was on leave the Lead Clerk was tracking the complainant's workload and assigning her extra work.

---

[2] All references in this Order to the allegations of the 7/6/16 VA Complaint include the clarified and amended allegations.

5) On September 22, 2016, during a 'huddle"
[sic] meeting, the complainant was accused
of claiming that a provider was a racist
because he did not hire black people.

6) On October 3, 2016, the complainant was
notified of her non-selection for the
position of Program Specialist, vacancy
announcement no. HO-16-DLA-1735851-BU with
the Pacific Island Healthcare System in
Honolulu, HI.

[Miyamoto Decl., Exh. B (letter dated 10/18/16 to Plaintiff from

Paul Maraian, ORM Pacific District Manager ("10/18/16 ORM

Letter")) at 034-35.]

     The ORM accepted Plaintiff's claim based on the non-

selection for the Program Specialist position for investigation

as an independently actionable claim.  It also accepted

Plaintiff's hostile work environment claim based on all of the

listed events for investigation.  [Id. at 035-36.]  The ORM

investigated the accepted claims from December 27, 2016 to

April 30, 2017 and prepared an Investigative Report, dated

May 4, 2017, for the Regional EEO Officer's consideration

("5/4/17 Report").  [Miyamoto Decl., Exh. C (5/4/17 Report) at

000047.]

     In June 2017, Plaintiff requested a hearing before an

administrative judge, but Plaintiff and the VA entered into a

settlement agreement before the hearing.  [Id., Exh. D (EEOC

Administrative Judge Thomas T. Harward's Decision Granting

Agency's Motion for Summary Judgment, dated 10/2/19 ("First EEOC Decision")) at 1.[3]  Even though the 7/7/16 VA Complaint did not assert a claim under the ADEA, the ORM concluded that the settlement agreement was voidable at Plaintiff's election because of the failure to include language in the agreement necessary to comply with the Older Workers Benefits Protection Act.  Plaintiff elected to void the settlement agreement and to reinstate the First EEOC Action.  Plaintiff was also allowed to add age as a basis for the alleged discrimination.  [Miyamoto Decl., Exh. D (First EEOC Decision) at 1-2.[4]]  Thus, the EEOC Administrative Judge considered whether Plaintiff was not selected for the Program Specialist and whether she suffered a hostile work environment because of her race, color, and/or age. [5]  [Id. at 2-3.]  The EEOC Administrative Judge granted summary judgment in favor of the VA because Plaintiff failed to present sufficient evidence to support any of her claims.  [Id. at 19.]

---

[3] The Settlement Agreement and Release, dated February 1, 2018, between Plaintiff and the VA, is attached to the First EEOC Decision as Exhibit 1.  [Miyamoto Decl., Exh. D at PageID #: 1680-82.]

[4] The ORM's October 9, 2016 decision letter regarding Plaintiff's request to rescind the settlement agreement and Plaintiff's October 16, 2018 Election Form voiding the settlement agreement are attached to the First EEOC Decision as Exhibits 2 and 3, respectively.  [Miyamoto Decl., Exh. D at PageID #: 1684-89, 1691.]

[5] All subsequent references to the allegations of the 7/6/16 VA Complaint include the allegations of age discrimination.

**B.** **Second EEOC Action**

The internal complaint that led to the Second EEOC Action was based on Plaintiff's race, color, unspecified mental disability, and retaliation for her use of the VA's equal employment opportunity ("EEO") process. [Miyamoto Decl., Exh. E (VA Complaint of Employment Discrimination form, dated 8/11/17 ("8/11/17 VA Complaint")).] The ORM construed the 8/11/17 VA Complaint, as amended by Plaintiff's September and October 2017 email submissions,[6] as raising the following issues:

> Whether complainant was subjected to a hostile work environment based on race (Black), color (Black), disability and reprisal (EEO activity) as evidenced by the following events:
>
> 1) From May 5, 2017, thru October 10, 2017, the Complainant was subjected to harassment to include *but not limited to* the following: Kathryn Ryder (KR), Deputy Chief of Staff, verbally counseled the complainant for not completing a review of one doctors credentials; KR accused the complainant of missing a provider's name on a spreadsheet; the complainant's co-workers are not allowed to communicate with her; the complainant's co-workers are allowed to whisper to each about her, sabotage her work, isolate her, yell at her and send her unprofessional emails; the Lead Credentialer has deleted the complainant's work; the complainant has reported to her leadership that she is concerned for her safety in her office however leadership has failed to take corrective action; the complainant's co-workers are gossiping and spreading rumors about their mediation sessions.

---

[6] All references in this Order to the allegations of the 8/11/17 VA Complaint include the amended allegations.

> 2) On or about September 4, 2017, the complainant
> was assigned two additional tasks that
> belonged to the lead credentialer, however
> William Dubbs, Chief of Staff did not allow
> her to work outside of her tour.

[Miyamoto Decl., Exh. F (letter dated 10/17/17 to Plaintiff from Sophia Eaves, ORM Pacific District Manager ("10/17/17 ORM Letter")) at 057-58 (emphasis in original).]

The ORM accepted Plaintiff's claim based on the assignment of additional tasks on September 4, 2017 for investigation as an independently actionable claim.  It also accepted Plaintiff's hostile work environment claim based on all of the listed events for investigation.  [Id. at 058.]  The ORM investigated the accepted claims from November 14, 2017 to January 24, 2018 and prepared an Investigative Report, dated January 26, 2018, for the Regional EEO Officer's consideration ("1/26/18 Report").  [Miyamoto Decl., Exh. G (1/26/18 Report) at 000097.]

The VA moved for summary judgment in the Second EEOC Action, and Plaintiff did not respond.  [Id., Exh. H (EEOC Administrative Judge Thomas T. Harward's Decision and Order Entering Judgment, dated 12/2/19 ("Second EEOC Decision")) at 1.]  The EEOC Administrative Judge granted summary judgment in favor of the VA because Plaintiff failed to present sufficient evidence to support any of her claims.  [Id. at 12.]

**C.** **Other Allegations in the Instant Case**

Defendant acknowledges that a federal court can still consider alleged discrimination claims that were not included in the EEOC charge, if the claims were reasonably related to the allegations that were in the charge, *i.e.*, if the other claims were, or could reasonably be expected to be, discovered in the investigation of the stated claims. Defendant argues this Court does not have jurisdiction over the gender discrimination claim and retaliation claim arising from the events considered in the First EEOC Action because those claims were not uncovered in the investigation of the 7/7/16 VA Complaint and were not addressed in the First EEOC Decision. Similarly, the age discrimination claim arising from the events considered in the Second EEOC Action was not uncovered in the investigation of the 8/11/17 VA Complaint and was not addressed in the Second EEOC Decision. Even if dismissal for lack of subject matter jurisdiction is not warranted, Defendant asserts it is entitled to summary judgment as to these claims.

<b>DISCUSSION</b>

**I.** **Title VII**

Under Title VII,

[a]ll personnel actions affecting employees or applicants for employment . . . in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated

> funds), . . . shall be made free from any
> discrimination based on race, color, religion,
> sex, or national origin.

42 U.S.C. § 2000e-16(a).[7]  Title VII applies to the VA as an

executive agency.  See, e.g., Perry v. Wilkie, Civil Action

No. 17-cv-2021 (TSC), 2020 WL 1853276, at *1 (D.D.C. Apr. 12,

2020) (citing 42 U.S.C. § 2000e-16(a) (citing 5 U.S.C. § 105)).

Retaliation is not specifically prohibited in § 2000e-16, but

the general Title VII retaliation provision applies to federal

employees.  See, e.g., McAlman v. Bernhardt, CIV. NO. 19-00362

JMS-RT, 2019 WL 3754572, at *5 (D. Hawai`i Aug. 8, 2019)

("Title VII . . . prohibits retaliation by an employer against

an employee for making a charge or otherwise participating in a

Title VII proceeding." (some citations and internal quotation

marks omitted) (citing 42 U.S.C. § 2000e-3(a))).

    "Before a federal civil servant can sue his employer

in court for discriminating against him in violation of

Title VII, he must first exhaust his administrative remedies."

Green v. Brennan, 136 S. Ct. 1769, 1775 (2016) (citing 42 U.S.C.

§ 2000e-16(c)).  The Title VII exhaustion requirement, however,

is not jurisdictional.  See, e.g., Sandowski v. McAleenan, 423

F. Supp. 3d 959, 982 (D. Hawai`i 2019) ("Although some decisions

have characterized these rules as jurisdictional, the Supreme

---

[7] Section 2000e-16 is titled "Employment by Federal
Government."

Court recently held that they are 'not of jurisdictional cast.'"
(some citations omitted) (quoting Fort Bend County v. Davis, 139
S. Ct. 1843, 1850 (2019) (interpreting parallel provision))).
Therefore, Defendant's Motion is denied, to the extent that it
seeks dismissal, based on lack of jurisdiction, of Plaintiff's
Title VII gender discrimination and retaliation claims arising
from the events addressed in the First EEOC Action.

Although exhaustion is not a jurisdictional
requirement, if Plaintiff failed to exhaust her administrative
remedies as to some of her claims, Defendant may be entitled to
summary judgment as to the unexhausted claims.  See Sandowski v.
Nielsen, Civ. No. 17-00469 SOM-RLP, 2018 WL 4265159, at *2 (D.
Hawai`i Sept. 6, 2018) (noting "that failure to comply with the
requirement may be fatal to the claim" (some citations omitted)
(citing Kraus v. Presidio Tr. Facilities Div./Residential Mgmt.
Branch, 572 F.3d 1039, 1043 (9th Cir. 2009))).

> "Incidents of discrimination not included in
> an EEOC charge may not be considered by a federal
> court unless the new claims are like or
> reasonably related to the allegations contained
> in the EEOC charge."  Green v. Los Angeles County
> Superintendent of Schools, 883 F.2d 1472, 1476
> (9th Cir. 1989) (internal quotation marks
> omitted).[8]  In determining whether a new claim
> is like or reasonably related to allegations
> contained in the previous charge, the court

---

[8] Green v. Los Angeles County was overruled in part on other
ground by National Railroad Passenger Corp. v. Morgan, 536 U.S.
101 (2002).  See, e.g., Kosegarten v. Dep't of the Prosecuting
Attorney, 892 F. Supp. 2d 1245, 1259 (D. Hawai`i 2012).

> inquires into "whether the original EEOC
> investigation would have encompassed the
> additional charges." <u>Id.</u>  The same is true of a
> complaint of discrimination submitted to a
> federal agency's EEO office.  <u>See</u> <u>Greenlaw [v.</u>
> <u>Garrett]</u>, 59 F.3d [994,] 1000 [(9th Cir. 1995)]
> (citing <u>Sosa v. Hiraoka</u>, 920 F.2d 1451, 1456–57 &
> n.2 (9th Cir. 1990)).

<u>Shelley v. Geren</u>, 666 F.3d 599, 606 (9th Cir. 2012).  This

includes allegations that the EEOC actually investigated and

charges "that reasonably could be expected to grow out of the

allegations" of the administrative complaint.  <u>Leong v. Potter</u>,

347 F.3d 1117, 1122 (9th Cir. 2003) (citing <u>Sosa</u>, 920 F.2d at

1456).  This district court stated:

> In determining whether a plaintiff has
> exhausted allegations that she did not
> specify in her administrative charge, it is
> appropriate to consider such factors as the
> alleged basis of the discrimination, dates
> of discriminatory acts specified within the
> charge, perpetrators of discrimination named
> in the charge, and any locations at which
> discrimination is alleged to have occurred.
> In addition, the court should consider
> plaintiff's civil claims to be reasonably
> related to allegations in the charge to the
> extent that those claims are consistent with
> the plaintiff's original theory of the case.
>
> <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1100
> (9th Cir. 2002).[9]  Language in an EEOC charge is
> to be construed with "utmost liberality."  <u>Id.</u>

---

[9] <u>B.K.B.</u> was abrogated in part on other grounds by <u>Fort Bend</u>
<u>County</u>, 139 S. Ct. 1843.  <u>See, e.g.</u>, <u>Vasquez v. Kiewit</u>
<u>Infrastructure W., Co.</u>, CIV. NO. 19-00513 HG-WRP, 2020 WL
2842671, at *5 (D. Hawai`i June 1, 2020).

<u>Scutt v. Carbonaro CPAs n Mngmt Grp</u>, CIV. NO. 20-00362 JMS-RT,
2020 WL 5880715, at *7 (D. Hawai`i Oct. 2, 2020).

Plaintiff's 7/7/16 VA Complaint was interpreted as
asserting claims based on a series of six events from August 24,
2015 through October 3, 2016. [Miyamoto Decl., Exh. B (10/18/16
ORM Letter) at 034-35.] Plaintiff's 7/7/16 VA Complaint did not
present certain events which she alleged were motivated by race
and certain events which she alleged were motivated by age. She
identified a series of events which she alleged were motivated
by multiple discriminatory reasons. Further, the letter that
Plaintiff submitted with the 7/7/16 VA Complaint stated: "I am a
veteran, a mother, a sister, a daughter, a VA employee, and a
human being. No one deserves to be ignored." [<u>Id.</u>, Exh. A
(7/7/16 VA Complaint) at 006.] Because the events at issue in
the 7/7/16 VA Complaint were all allegedly part of the same
pattern of discrimination, and because the 7/7/16 VA Complaint
expressly refers to the fact that Plaintiff is a mother, sister,
and daughter - <i>i.e.</i>, she is a woman - an investigation of her
gender discrimination claim could reasonably have been expected
to grow out of the investigation of the claims expressly
identified in the 7/7/16 VA Complaint. <u>See</u> <u>Leong</u>, 347 F.3d at
1122; <u>B.K.B.</u>, 276 F.3d at 1100.

Similarly, although the 7/7/16 VA Complaint does not
expressly mention retaliation, it describes protected activity

that Plaintiff engaged in prior to and during the events at issue in the VA complaint. Plaintiff states she initially attempted to assert an EEO grievance about a performance rating and a "write up," and she met with her supervisor on December 1, 2015. [Miyamoto Decl., Exh. A (7/7/16 VA Complaint) at 004.] She also states she "met with EEO, [her] supervisor, and admin officer in June 2015" to discuss the fact that one of Plaintiff's co-workers often missed work during that evaluation period, resulting in additional duties being placed on Plaintiff. [Id. at 005.] Plaintiff attempted to proceed with the EEO grievance process, but there were multiple delays. For example, Plaintiff was informed that the next step of her grievance process could not occur until the appointment of a permanent VA director. [Id. at 004.] Plaintiff argued she was "getting the 'brush off' concerning this EEO/Grievance." [Id.] Attached to the 7/7/16 VA Complaint are:

-a March 29, 2016 "Statement from Aggrieved Party (Where timeliness might be at issue)" that documents Plaintiff's concerns about the amount of time her grievance had been pending; [id. at 007;] and

-March 2016 email messages between Plaintiff and Shari Cuaresma regarding Plaintiff's concern about the amount of time that had elapsed, [id. at 008].

Thus, Plaintiff was involved in an EEO grievance process during periods relevant to the events at issue in the First EEOC Action. Plaintiff's 7/7/16 VA Complaint also alleges the VA

management was aware of her attempts to utilize the EEO process.
See id. at 003 (stating Plaintiff "contacted the local EEO
Office to obtain assistance in requesting a meeting with
Dr. William Dubbs, the Chief of Staff and Responding Management
Official); id. at 007 (stating Dr. Dubbs refused to have a
meeting with Plaintiff and an EEO representative).  For these
reasons, and because the events at issue in the 7/7/16 VA
Complaint were all allegedly part of the same pattern of
discrimination, this Court also finds that an investigation of
Plaintiff's retaliation claim could reasonably be expected to
grow out of the investigation of the claims expressly identified
in the 7/7/16 VA Complaint.

Construing the 7/7/16 VA Complaint "with utmost
liberality," this Court concludes that the VA complaint asserted
a gender discrimination claim and a retaliation claim.  See
B.K.B., 276 F.3d at 1100 (citation and quotation marks omitted).
Therefore, Plaintiff exhausted her administrative remedies as to
her Title VII gender discrimination and retaliation claims
arising from the events considered in the First EEOC Action.  To
the extent that the Motion seeks summary judgment as to those
claims based on a failure to exhaust administrative remedies,
the Motion is denied.

## II. __ADEA__

>Unlike Title VII of the Civil Rights Act, the ADEA "contains no express requirement that a federal employee complainant seek administrative relief, except that an employee who wishes to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit." Bankston v. White, 345 F.3d 768, 770 (9th Cir. 2003) (internal citation omitted); see also 29 U.S.C. § 633a(d) (2002) (allowing an individual to file suit without filing an EEOC complaint but requiring notice to EEOC of intent to sue). "Federal law does, however, allow an employee the option of pursuing administrative remedies, either through the agency's EEO procedures, or through the Merit Systems Protection Board." Bankston, 345 F.3d at 770 (internal citation omitted). . . .

Morris v. McHugh, 997 F. Supp. 2d 1144, 1160 (D. Hawai`i 2014); see alo § 633a (titled "Nondiscrimination on account of age in Federal Government employment"). The Ninth Circuit has held that the requirements of § 633a are not jurisdictional and are subject to defenses, such as waiver. Forester v. Chertoff, 500 F.3d 920, 928–29 (9th Cir. 2007). Thus, as with the Title VII claims discussed above, this Court denies Defendant's request to dismiss Plaintiff's ADEA claim arising out of the events addressed in the Second EEOC Action for lack of jurisdiction. However, this Court will analyze whether Defendant is entitled to summary judgment because Plaintiff failed to comply with § 633a.

18

The Second EEOC Action was the result of Plaintiff's 8/11/17 VA Complaint. The 8/11/17 VA Complaint was based on race, color, prior protected activity, and mental disability. [Miyamoto Decl., Exh. E (8/11/17 VA Complaint).[10]] The 8/11/17 VA Complaint did not list age as one of the reasons for the alleged discrimination.

In addition, there is no evidence in the record that Plaintiff gave the EEOC notice of her intent to bring a civil action asserting an AEDA claim based on the events addressed in the Second EEOC Action. See § 633a(d) ("When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action."). Plaintiff's ADEA claim, however, would be allowed to proceed if the ADEA claim is "'like or reasonably related to the allegations contained'" in the 8/11/17 VA Complaint. See Philbert v. Shulkin, Case No. 2:17-cv-00929-CAS(KKx), 2017 WL 5185310, at *5 (C.D. Cal. Nov. 6, 2017) (quoting Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1476

---

[10] Unlike the 7/7/16 VA Complaint, the 8/11/17 VA Complaint did not include supporting documents.

(9th Cir. 1989)).[11]  Even construing the record in the light most favorable to Plaintiff,[12] there is no evidence suggesting that that Plaintiff's age discrimination claim is "like or reasonably related to the allegations" supporting the 8/11/17 VA Complaint's allegations of discrimination based on race, color, mental disability, and participation in protected activity. Plaintiff's 8/11/17 VA Complaint therefore cannot be construed as asserting an ADEA claim.

Because Plaintiff did not present her ADEA claim arising from the events alleged in the 8/11/17 VA Complaint to the EEOC, either through the VA's EEO proceedings or through a notice to the EEOC prior to the filing of this action, Plaintiff failed to comply with § 633a.  Further, there is no evidence in the record suggesting that the requirements of § 633a were forfeited or waived, or that equitable modification is warranted.  Cf. Forester, 500 F.3d at 929.  There are no genuine issues of material fact as Plaintiff's ADEA claim arising from

---

[11] Curtis Philbert was employed as a VA health technician. Philbert, 2017 WL 5185310, at *1.  The district court applied relevant portions of the Title VII exhaustion analysis in Green v. Los Angeles and B.K.B., 276 F.3d at 1100, to Philbert's ADEA claim against the Secretary of the VA.  Philbert, 2017 WL 5185310, at *5.

[12] When a district court rules on a motion for summary judgment, the record must be viewed in the light most favorable to the nonmoving party.  Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).

the events alleged in the 8/11/17 VA Complaint, and Defendant is entitled to summary judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Partial Dismissal, or in the Alternative, for Partial Summary Judgment, filed September 1, 2020, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is DENIED as to: 1) Defendant's request to dismiss, for lack of jurisdiction, Plaintiff's Title VII gender discrimination and retaliation claims arising from the events at issue in the 7/6/16 VA Complaint; 2) Defendant's request for summary judgment as to those claims;[13] and 3) Defendant's request to dismiss, for lack of jurisdiction, Plaintiff's ADEA claim arising from the events at issue in the 8/11/17 VA Complaint. The Motion is GRANTED, insofar as summary judgment is granted in favor of Defendant as to Plaintiff's ADEA claim arising from the events at issue in the 8/11/17 VA

---

[13] This Court emphasizes that the Motion and the denial of summary judgment are based only on the alleged failure to exhaust administrative remedies. This Court makes no findings of fact or conclusions of law regarding the merits of Plaintiff's gender discrimination and retaliation claims.

Complaint, on the ground that Plaintiff failed to comply with

§ 633a.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 11, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

LUCRETIA VELVET HENRY VS. ROBERT L. WILKIE, SECRETARY OF
VETERANS AFFAIRS (GOVERNMENT AGENCY; CV 20-00070 LEK-KJM; ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY
JUDGMENT